UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

(ELECTRONICALLY FILED)

CIVIL ACTION NO. ___5:19-cv-41-TBR___

UNITED STATES OF AMERICA                                    PLAINTIFF

Vs.

ROBERT A. NELSON, as Administrator                          DEFENDANTS
and heir of OLA KAY NELSON
2154 Shadow Creek Boulevard
Columbus, Indiana 47201-1473

ANY UNKNOWN HEIRS OF OLA KAY NELSON,
AND THEIR UNKNOWN SPOUSES
Serve: Warning Order Attorney

ANY UNKNOWN SPOUSE OF OLA KAY NELSON,
Serve: Warning Order Attorney

ANY UNKNOWN OCCUPANT(S), TENANT(S) OR
LESSEE(S) OF 1007 OAK GROVE CIRCLE, BENTON, KENTUCKY
Serve:  Warning Order Attorney

CAPITAL ONE BANK (USA), NA
SERVE:  James T. Hart
Counsel for Judgment Creditor
525 Vine Street, Suite 800
Cincinnatti, Ohio  45202

## **COMPLAINT FOR FORECLOSURE**

Plaintiff, the United States of America, states as follows:

1.      This is an *in rem* mortgage foreclosure action brought by the United States of

America on behalf of its agency, the United States Department of Agriculture, Rural Housing

Service also known as Rural Development (hereinafter collectively "RHS").

2.     This Complaint is filed to recover RHS's mortgage interest in the Property.  Since the Borrower has passed away, RHS is required to name any and all heirs to allow them to assert an interest in the Property if they so desire.  Through this action, the United States does not seek to impose any mortgage liability upon any heirs or their spouses.

3.     Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

4.     RHS is the holder of a promissory note ("the Note") executed for value on May 10, 1994 by Ola Kay Nelson ("the Borrower"), who has since passed away and is not a defendant herein.  The principal amount of the Note was $34,000.00, bearing interest at the rate of 6.50 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the Note is attached as **Exhibit A**, and incorporated by reference as if set forth fully herein.

5.     The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on May 10, 1994, in Mortgage Book 225, Page 529, in the Office of the Clerk of Marshall County, Kentucky.  Through the Mortgage, the Borrower granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 1007 Oak Grove Circle, Benton, Marshall County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

6.     To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

7.     Ola Kay Nelson passed away on or about September 1, 2017.  See **Exhibit D**.

2

8.      Upon information and belief, Ola Kay Nelson died intestate. Upon her death, all of her title, right and in the Property vested in her heir(s) subject to the mortgage interest of the United States.

9.      On September 5, 2017, Robert A. Nelson was appointed as Administrator of the Borrower's estate.  Case Number 17-P-00191 (Marshall District Court).

10.     The Borrower has defaulted on the Note and Mortgage by failing to make payments due in accordance with the terms and conditions of the Note and Mortgage, and by abandoning the Property within the meaning of the Mortgage

11.     RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent due notice of default and acceleration.

12.     The unpaid principal balance on the Note is $17,543.29 with accrued interest of $1,187.18 through October 24, 2018 and fees assessed of $1,924.19, for a total unpaid balance of $20,654.66 as of October 24, 2018.  Interest is accruing on the unpaid principal balance at the rate of $3.4617 per day after October 24, 2018.

13.     In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

14.      The United States does not seek through this action to impose personal liability against the Borrower for the Borrower's default on the Note and Mortgage.  On June 24, 2005, the Borrower filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Western District of Kentucky, Case No. 05-51044.  The Bankruptcy Court granted the Borrower a discharge from personal liability on October 12, 2005.

15.     The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

16.     The Mortgage granted to RHS by the Borrower is a purchase money mortgage. The United States is unaware if the Borrower had a spouse, but even if such spouse existed, pursuant to KRS 392.040(1), any surviving spouse shall not have a spousal interest in land sold in good faith after marriage to satisfy an encumbrance created before marriage or to satisfy a lien for the purchase money.

17.     Defendant **Robert A. Nelson** may assert an interest in the Property as an heir of Ola Kay Nelson. This Defendant is called upon to come forth and assert an interest in or claims to the Property, if any, and offer proof thereof or be forever barred.  Any interest of this defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the United States.

18.     Defendant **Robert A. Nelson** may assert an interest in the Property as Administrator of the Estate of Ola Kay Nelson. This Defendant is called upon to come forth and assert an interest in or claims to the Property in this capacity, if any, and offer proof thereof or be forever barred.  Any interest of this defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the United States.

19.     Defendant **Any Unknown Heirs of Ola Kay Nelson and Unknown Spouses of Heirs** may claim an interest in the Property, which interest is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the Plaintiff.  Said Defendant is called upon to come forth and assert interests in or claims upon the Property, and offer proof thereof, or be forever barred.

20.     Defendant **Any Unknown Spouse of Ola Kay Nelson** may claim an interest in the Property, which interest is inferior in rank and subordinate in priority to the first mortgage

4

lien on the Property in favor of the Plaintiff.  Said Defendant is called upon to come forth and assert interests in or claims upon the Property, and offer proof thereof, or be forever barred.

21.     Defendant **Any Unknown Occupant(s), Tenant(s) or Lessee(s) of 1007 Oak Grove Circle, Benton, Kentucky** may claim an interest in the Property, which interest is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the Plaintiff.  Said Defendant is called upon to come forth and assert interests in or claims upon the Property, and offer proof thereof, or be forever barred.

22.     Defendant **Capital One Bank (USA), NA** may claim an interest in the Property by virtue of a Notice of Judgment Lien recorded on January 16, 2015 in Encumbrance Book 72, Page 414 in the Marshall County Clerk's Office, a copy of which is attached as **Exhibit E**.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

23.     There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.     *In rem* judgment in the Property in favor of the United States in the principal amount of $17,543.29, plus $1,187.18 interest as of October 24, 2018, and fees assessed of $1,924.19, for a total unpaid balance due of $20,654.66 as of October 24, 2018, with interest accruing at the daily rate of $3.4617 from October 24, 2018, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

5

b.      That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.      That the United States' lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.      That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e.      That the Property be adjudged indivisible and be sold as a whole; and

f.      That the United States receive any and all other lawful relief to which it may be entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney

s/ William F. Campbell
William F. Campbell
Katherine A. Bell
Assistant U.S. Attorneys
717 West Broadway
Louisville, KY  40202
Phone:  502/582-5911
Fax:    502/625-7110
bill.campbell@usdoj.gov
Katherine.bell@usdoj.gov

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

*Tebin, Onley*

| TYPE OF LOAN |
|---|
| RURAL HOUSING |

| STATE |
|---|
| KENTUCKY |
| COUNTY |
| MARSHALL |
| CASE NO. |

Date ____ May 10 _____, 19 **94**.

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ MURRAY, KY _____

**THE PRINCIPAL SUM OF** ___ THIRTY FOUR THOUSAND AND NO/100----------------------

**DOLLARS ($** _34,000.00_ -----------------------), plus **INTEREST** on the **UNPAID PRINCIPAL** of

___ SIX AND ONE HALF ------ **PERCENT (** _6.50_ ----%) **PER ANNUM.**

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.  Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.  Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.  Payments shall not be deferred. Principal and Interest shall be paid in ___ 396 _____ installments as indicated in the box below:

| | |
|---|---|
| $ _209.00_ on ____ JUNE 10 _____, 19 **94**, and | |
| $ _209.00_ thereafter on the ___ 10th ___ of each ___ MONTH ___ | |

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** THIRTY THREE ____ (____ 33 _____) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Position 2                FmHA 1940-16 (Rev. 4-91)


EXHIBIT "A"

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Department regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

_Ola Kay Nelson_ (SEAL)
OLA KAY NELSON                    *(BORROWER)*

_____ (SEAL)
                                *(CO-BORROWER)*

1007 OAK GROVE CIRCLE

BENTON, KY   42025

---

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| (1) $ 34,000.00 | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 34,000.00 | |

**USDA-FmHA**
Form FmHA 427-1 KY
(Rev. 6-91)

*Position 5*

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by _____ OLA KAY NELSON, single

residing in _____ Marshall _____ County, Kentucky, whose post office address is _____ 40 Icon Lane, Hardin, _____ , Kentucky __ 42048 , herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 5-10-94 | $34,000.00 | 6.5% | 5-10-2027 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Adminstration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of _____ Marshall _____ :

Lot A-4, Longview II Subdivision, a plat of which is of record on Slide 381, Marshall County Court Clerk's Office. Reference to said plat is made for a more complete and accurate description.

Subject to all restrictions, reservations, easements, covenants and conditions set forth on the above referenced plat.

FmHA 427-1 KY (Rev. 6-91)

EXHIBIT "B"

And being the same property conveyed to Ola Kay Nelson from USA-FmHA by deed dated April 22, 1994, of record in Deed Book _270_, page _278_, Marshall County Court Clerk's Office.

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property"; All rents, profits and income from the property covered by this mortgagee are hereby assigned to the mortgagee for the purpose of discharging the debt hereby secured. Permission is hereby given to the mortgagor, so long as no default exist hereunder, to collect such rents, profits and income for use in accordance with Farmers Home Administration regulations.

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)    To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)    To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property. Upon termination of this mortgage, after payment in full, the mortgagee, at the mortgagor's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien  and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial statue, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial statue, age or national origin.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given  in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this _____ 10th _____ day of _____ May _____ , 19 94 .

_Ola Kay Nelson_ (SEAL)
OLA KAY NELSON, single

_____ (SEAL)

**STATE OF KENTUCKY**

**COUNTY OF** _____ MARSHALL _____ } _ss:_

Before me, _____ Anita Stevenson _____ , a Notary Public in and for

the County of _____ Marshall _____ personally appeared _____ Ola Kay Nelson, single _____

_____ and _____ , his wife,

who acknowledged that they executed the foregoing instrument on the _____ 10th _____

day of _____ May _____ , 19 94 , as their free act and deed.

WITNESS my hand and official seal this _____ 10th _____ day of _____ May _____ , 19 94 .

_Anita Stevenson_
_Notary Public_

(SEAL)

My commission expires: _____ 6-8-96 _____

## PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

_____ George E. Long II _____
_(name)_

_____ 908 Poplar, Benton, Kentucky 42025 _____
_(address)_

_(Signature)_

## RECORDER'S CERTIFICATE

**STATE OF KENTUCKY**

**COUNTY OF** _____ MARSHALL _____ } _ss:_

I, _____ JAMES R. ENGLISH _____ , Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the _____ 10th _____ day of _____ May _____ , 19 94 , lodged for record

at 4:30 o'clock _ P _ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

MTG Bk. 225 page 529.

Given under my hand this _____ 11th _____ day of _____ May _____ , 19 94 .

JAMES R. ENGLISH:
Clerk of     MARSHALL     _County Court_
By _____ , D.C.

*U.S. Government Printing Office: 1991 — 558-784

FmHA Instruction 1951-I
Exhibit A

## UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION

### Subsidy Repayment Agreement

Date of Note 5-10-94  Amount of Note 34,000.00 Date of mortgage      5-10-94

Date of Note _____  Amount of Note _____  Date of mortgage _____

Type of assistance:                           1. Interest credit ☑
                                              2. Homeownership Assistance
                                                 Program ☐

Address of Property:  1007 Oak Grove Circle

                      Benton, KY  42025

         BORROWER:   Ola Kay Nelson, single

         CO-BORROWER:

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

# EXHIBIT "C"

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

   (a)  Unpaid balance of loans secured by a prior mortgage as well as
   real estate taxes and assessments levied against the property which
   are due will be paid.

   (b)  Unpaid principal and interest owed on FmHA RH loans for the
   property and advances made by FmHA which were not subsidy and are
   still due and payable will be paid to the Government.

   (c)  I (we) will receive from the sale proceeds actual expenses
   incurred by me (us) necessary to sell the property.  These may include
   sales commissions or advertising cost, appraisal fees, legal and
   related costs such as deed preparation and transfer taxes.  Expenses
   incurred by me (us) in preparing the property for sale are not allowed
   unless authorized by the Government prior to incurring such expenses.
   Such expenses will be authorized only when FmHA determines such expenses
   are necessary to sell the property, or will likely result in a return
   greater than the expense being incurred.

   (d)  I (we) will receive the amount of principal paid off on the
   loan calculated at the promissory note interest rate.

   (e)  Any principal reduction attributed to subsidized interest
   calculations will be paid to the Government.

   (f)  I (we) will receive my original equity which is the difference
   between the market value of the security, as determined by the
   FmHA appraisal at the time the first loan subject to recapture of
   subsidy was made, and the amount of the FmHA loan(s) and any
   prior lien.  This amount is _____-0-_____ and represents
   ___-0-___ percent of the market value of the security.  (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:     na     .  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7     When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8     I (we) have read and agree to the provisions of this agreement.

_____  Borrower
Ola Kay Nelson

_____  Co-Borrower


_____
        Date signed


Accepted and Agreed to
By _____  (FmHA Official)
        Ronald W. Nelson
        County Supervisor          (Title)


_____
        Date


oOo

# Registrar of Vital Statistics
# Certified Copy



COMMONWEALTH OF KENTUCKY

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND - NOT A WHITE BACKGROUND

5045248

KENTUCKY CERTIFICATE OF DEATH

116 201730999

Case #: E201709030016

**DECEDENT'S LEGAL NAME:** OLA KAY NELSON

**IF FEMALE, DECEDENT'S LAST NAME PRIOR TO FIRST MARRIAGE:** PENNEY

**SEX:** FEMALE

**DATE OF DEATH:** September 01, 2017

**AGE-LAST BIRTHDAY:** 78

**DATE OF BIRTH:**

**COUNTY OF DEATH:** MARSHALL

**PLACE OF DEATH:** CALVERT CITY CONVALESCENT CENTER

**CITY OR TOWN, STATE AND ZIP CODE:** CALVERT CITY, KY 42029

**BIRTHPLACE:** PADUCAH, KENTUCKY

**MARITAL STATUS:** Widowed

**SURVIVING SPOUSE:**

**DECEDENT'S USUAL OCCUPATION:** NURSE AIDE

**KIND OF BUSINESS/INDUSTRY:** MURRAY CALLOWAY COUNTY HOSPITAL

**RESIDENCE-STATE:** KENTUCKY

**COUNTY:** MARSHALL

**CITY OR TOWN:** BENTON

**STREET AND NUMBER:** 1007 OAK GROVE CIRCLE

**ZIP CODE:** 42025

**FATHER'S NAME:** ALBERT PENNEY

**MOTHER'S NAME PRIOR TO FIRST MARRIAGE:** CLAUDINE FORD

**INFORMANT'S NAME:** ROBERT A NELSON

**RELATIONSHIP TO DECEDENT:** SON

**MAILING ADDRESS:** 2184 SHADOW CREEK BLVD, COLUMBUS, IN 47201

**METHOD OF DISPOSITION:** Burial

**PLACE OF DISPOSITION:** SALYERS CEMETERY

**LOCATION:** BENTON, KY

**SIGNATURE OF FUNERAL SERVICE LICENSEE:** BECKY KING

**DATE SIGNED:** 09/03/2017

**NF LICENSE NUMBER:** 5477

**NAME AND COMPLETE ADDRESS OF FUNERAL FACILITY:** FILBECK & CANN FUNERAL HOME & CREMATORY, 1117 POPLAR STREET, BENTON, KY 42025

**DATE PRONOUNCED DEAD:** 09/01/2017

**ACTUAL OR PRESUMED TIME OF DEATH:** 0635

**WAS MEDICAL EXAMINER OR CORONER CONTACTED:** No

**CAUSE OF DEATH**

DUE TO (OR AS A CONSEQUENCE OF): STAGE 2B SQUAMOUS CELL LUNG CANCER WITH METASTASIC DISEASE RELAPSE — RESPIRATORY FAILURE

DUE TO (OR AS A CONSEQUENCE OF):

DUE TO (OR AS A CONSEQUENCE OF):

**OTHER SIGNIFICANT CONDITIONS:** COPD, ASTHMA, ANEMIA, TYPE 2 DIABETES MELLITUS, CHRONIC NARCOTIC USE

**MANNER OF DEATH:** Natural

**WAS AN AUTOPSY PERFORMED:** No

**WERE AUTOPSY FINDINGS AVAILABLE:** No

**DID TOBACCO USE CONTRIBUTE TO DEATH:** Unknown

**IF FEMALE:** Not pregnant within past year

**SIGNATURE:** TERRI H. TELLE, M.D.

**DATE CERTIFIED:** 09/10/2017

**LICENSE NUMBER:** 30194

**TITLE OF CERTIFIER:** PHYSICIAN

**NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH:** TERRI TELLE, MERCY PRIMARY CARE REDLAND, 6636 KENTUCKY DAM RD, PADUCAH, KY 42003

**REGISTRAR'S SIGNATURE:** Paul J. Royce

**DATE FILED:** 09/11/2017

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

I, Paul F. Royce, Registrar of Vital Statistics, hereby certify this to be a true and correct copy of the certificate of birth, death, marriage or divorce of the person therein named, and that the original certificate is registered under the file number shown. In testimony thereof I have hereunto subscribed my name and caused the official seal of the Office of Vital Statistics to be affixed at Frankfort, Kentucky this ____12th____ day of ____September____, 20_17_.

FORM VS NO. 1-A
(REVISED 06/2016)

*Paul F. Royce*
State Registrar

EXHIBIT "D"

## KENTUCKY CERTIFICATE OF DEATH

116 201730999

Case #: E201709030016

**To Be Completed By: Funeral Director (Must Be Typed)**

| 1a. DECEDENT'S LEGAL NAME (First, Middle, Last) (Include AKA's if any) | 1b. IF FEMALE, DECEDENT'S LAST NAME PRIOR TO FIRST MARRIAGE | 2. SEX |
|---|---|---|
| OLA KAY NELSON | PENNEY | FEMALE |

| 3. ACTUAL OR PRESUMED DATE OF DEATH (Month/Day/Year) (Spell Month) | 4. SOCIAL SECURITY NUMBER | 5a. AGE-LAST BIRTHDAY (Years) | 5b. UNDER 1 YEAR Months Days | 5c. UNDER 1 DAY Hours Minutes | 6. DATE OF BIRTH (MM/DD/YYYY) | 7. COUNTY OF DEATH |
|---|---|---|---|---|---|---|
| September 01, 2017 | ____1225 | 73 | | | | MARSHALL |

8. PLACE OF DEATH (Check only one)
Decedent's HOSPITAL: ☐ Inpatient ☐ ER/Outpatient ☐ Dead on Arrival OTHER: ☐ Hospice Facility ☒ Nursing Home/Long Term Care Facility ☐ Residence ☐ Other (Specify)

| 9. FACILITY NAME (If not institution, give street and number) | 10. CITY OR TOWN, STATE AND ZIP CODE |
|---|---|
| CALVERT CITY CONVALESCENT CENTER | CALVERT CITY, KY 42029 |

| 11. BIRTHPLACE (City and State or Foreign Country) | 12. MARITAL STATUS | 13. SURVIVING SPOUSE (If wife, give name prior to first marriage) |
|---|---|---|
| PADUCAH, KENTUCKY | ☐ Married ☐ Widowed ☐ Never Married ☒ Married but Separated ☒ Divorced ☐ Unknown | |

| 14. DECEDENT'S USUAL OCCUPATION (Kind of work done during most of working life) (Do not use retired) | 15. KIND OF BUSINESS/INDUSTRY | 16. WAS DECEDENT EVER IN U.S. ARMED FORCES? |
|---|---|---|
| NURSE AIDE | MURRAY CALLOWAY COUNTY HOSPITAL | ☐ Yes ☒ No |

| 17a. RESIDENCE - State | 17b. COUNTY | 17c. CITY OR TOWN | 17d. STREET AND NUMBER | 17e. ZIP CODE | 17f. INSIDE CITY LIMITS? |
|---|---|---|---|---|---|
| KENTUCKY | MARSHALL | BENTON | 1097 OAK GROVE CIRCLE | 42025 | ☒ Yes ☐ No |

18. DECEDENT'S EDUCATION (Check the box that best describes the highest degree or level of school completed at the time of death.)
☐ 8th Grade or Less
☐ 9th - 12th Grade; No Diploma
☒ High School Graduate or GED Completed
☐ Some College Credit but No Degree
☐ Associates Degree (e.g., AA, AS)
☐ Bachelor's Degree (e.g., BA, AB, BS)
☐ Master's Degree (e.g., MA, MS, MEng, MEd, MSW, MBA)
☐ Doctorate (e.g., PhD, EdD) or Professional Degree (e.g., MD, DDS, DVM, LLB, JD)

19. ORIGIN OF HISPANIC ORIGIN? (Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if the decedent is not Spanish/Hispanic/Latino.)
☒ No, not Spanish/Hispanic/Latino
☐ Yes, Mexican, Mexican American, Chicano
☐ Yes, Puerto Rican
☐ Yes, Cuban
☐ Yes, other Spanish/Hispanic/Latino (Specify) _____

20. DECEDENT'S RACE (Check one or more races to indicate what the decedent considered himself or herself to be)
☒ White
☐ Black or African American
☐ Native Hawaiian
☐ Asian Indian
☐ Chinese
☐ Filipino
☐ Japanese
☐ Korean
☐ Vietnamese
☐ Samoan
☐ Other Asian (Specify)
☐ Other Pacific Islander (Specify)
☐ American Indian or Alaska Native (Name of the enrolled or principal tribe)
☐ Other (Specify)

| 21. FATHER'S NAME (First, Middle, Last) | 22. MOTHER'S NAME PRIOR TO FIRST MARRIAGE (First, Middle, Last) |
|---|---|
| ALBERT PENNEY | CLAUDINE FORD |

| 23a. INFORMANT'S NAME | 23b. RELATIONSHIP TO DECEDENT | 23c. MAILING ADDRESS (Street and Number, City, State, Zip Code) |
|---|---|---|
| ROBERT A NELSON | SON | 2164 SHADOW CREEK BLVD, COLUMBUS, IN 47201 |

24. METHOD OF DISPOSITION (Check only one)
☒ Burial ☐ Cremation ☐ Donation ☐ Entombment ☐ Removal from State ☐ Other (Specify)

| 25. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) | 26. LOCATION - City, Town, and State |
|---|---|
| SALYERS CEMETERY | BENTON, KY |

| 27. SIGNATURE OF FUNERAL SERVICE LICENSEE (Or person acting as such) | DATE SIGNED (MM/DD/YYYY) | 28. KY LICENSE NUMBER (of licensee) | 29. NAME AND COMPLETE ADDRESS OF FUNERAL FACILITY |
|---|---|---|---|
| BECKY KING (Must Use Blue/Black Ink) Electronic signature is legally acceptable pursuant to KRS 369.107 & KRS 369.116 | 09/03/2017 | 5477 | FILBECK & CANN FUNERAL HOME & CREMATORY 1117 POPLAR STREET BENTON, KY 42025 |

**To Be Completed By: Medical Certifier**

| 30. DATE PRONOUNCED DEAD (MM/DD/YYYY) | 31. ACTUAL OR PRESUMED TIME OF DEATH | 32. WAS MEDICAL EXAMINER OR CORONER CONTACTED? |
|---|---|---|
| 09/01/2017 | 0635 | ☐ Yes ☒ No |

33. PART I. Enter the chain of events - diseases, injuries, or complications - that caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on each line.

CAUSE OF DEATH | Approximate interval Between Onset and Death

IMMEDIATE CAUSE (Final disease or condition resulting in death) → a. RESPIRATORY FAILURE | 2 DAY(S)
DUE TO (OR AS A CONSEQUENCE OF):

Sequentially list conditions, if any, leading to the cause listed on line a. b. STAGE 2B SQUAMOUS CELL LUNG CANCER WITH METASTAC DISEASE, RELAPSE | 3 YEAR(S)
DUE TO (OR AS A CONSEQUENCE OF):

Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST c.
DUE TO (OR AS A CONSEQUENCE OF):

PART II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in Part I
COPD, ASTHMA, ANEMIA, TYPE 2 DIABETES MELLITUS, CHRONIC NARCOTIC USE

| 34. MANNER OF DEATH |
|---|
| ☒ Natural ☐ Accident ☐ Homicide ☐ Pending Investigation ☐ Suicide ☐ Could not be Determined |

35. WAS AN AUTOPSY PERFORMED? ☐ Yes ☒ No
36. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? ☐ Yes ☐ No
37. DID TOBACCO USE CONTRIBUTE TO DEATH? ☐ Yes ☒ Probably ☐ No ☐ Unknown

38. IF FEMALE:
☒ Not pregnant within past year
☐ Not pregnant, but pregnant within 42 days of death
☐ Not pregnant, but pregnant 43 days to 1 year before death
☐ Pregnant at time of death
☐ Unknown if pregnant within past year

| 39. DATE OF INJURY (Month/Day/Year) (Spell Month) | 40. TIME OF INJURY | 41. INJURY AT WORK? ☐ Yes ☐ No | 42. PLACE OF INJURY (e.g., Decedent's home, construction site; restaurant; wooded area) | 43. IF TRANSPORTATION INJURY, SPECIFY: ☐ Driver/Operator ☐ Pedestrian ☐ Passenger ☐ Other (Specify) |
|---|---|---|---|---|

| 44. DESCRIBE HOW INJURY OCCURRED: | 45. LOCATION OF INJURY (Street and Number, City or Town, State, Zip Code) |
|---|---|

**To Be Completed By Certifier:**

46. TO BE COMPLETED BY CERTIFIER:
To the best of my knowledge, death occurred at the time, date, and place, and due to cause(s) and manner stated.
SIGNATURE TERRI H. TELLE, M.D. (Must Use Blue/Black Ink) Electronic signature is legally acceptable pursuant to KRS 369.107 and KRS 369.116

| 47. DATE CERTIFIED (MM/DD/YYYY) | 48. LICENSE NUMBER | 49. TITLE OF CERTIFIER |
|---|---|---|
| 09/10/2017 | 30194 | PHYSICIAN |

50. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH (ITEM 33) TERRI TELLE
MERCY PRIMARY CARE REIDLAND, 6035 KENTUCKY DAM RD, PADUCAH, KY 42003

| 51. REGISTRAR'S SIGNATURE | 52. DATE FILED (MM/DD/YYYY) |
|---|---|
| Paul F. Royce | 09/11/2017 |

FORM VS NO. 1-A
(REVISED 06/2015)

**COMMONWEALTH OF KENTUCKY**
**MARSHALL DISTRICT COURT**
**CASE NO. 17-P-00191**

ENTERED ___9 / 5 / 17___
TIFFANY FRALICX GRIFFITH
CIRCUIT CLERK
MARSHALL COUNTY
BY: ⟨signature⟩ _____ D.C.

## ORDER APPOINTING ADMINISTRATOR

**IN RE: ESTATE OF OLA KAY NELSON, DECEASED**

Decedent's Date of Death: 09/01/2017                    SSN: XXX-XX-1225

    The Petition for appointment of Administrator came before the Court on September 5, 2017.

    **IT IS ORDERED** that:

        **Robert A. Nelson**
        **2154 Shadow Creek Blvd.**
        **Columbus, IN 47201**

be and is, hereby appointed Administrator of the above estate. The Court fixes bond in the sum of $5,000.00.

    **WHEREUPON** said Administrator took the oath prescribed by law and entered into and acknowledged the above-mentioned bond with Surety having been waived.

Date:   SEP 0 5 2017

⟨signature⟩
(Jack M) Telle, Judge

**NOTICE OF ENTRY WAIVED:**

_____
Petitioner's OR Attorney's Signature

> **Agent for Service of Process**
> Robert DeAtley
> 712 Phelps Road
> Benton, KY 42025

---

### CERTIFICATION

I, Tiffany Fralicx Griffith, Clerk of the Marshall District Court, do certify this constitutes a true and correct copy of the Order Appointing Administrator as recorded in my office.

Date: ___9 / 5 / 2017___ .                    Tiffany Fralicx Griffith, Clerk

By: ⟨signature⟩                    , D.C.

---

**Distribution:**
Original - Court File
Copies – Administrator/Administratrix
Revenue Cabinet *(Inheritance Tax Section)*
Certified Copy - County Clerk; *Petitioner is responsible for recording fee.*

72/414

FOR FILING OFFICER

P.d. : 13⁰⁰   Rec. fee $ _____ Tax

Date Filed 1-16-15  Time 3:00P

Tim York, Clerk

BY _____ KE _____ D.C.

COMMONWEALTH OF KENTUCKY
MARSHALL DISTRICT COURT
CIVIL DIVISION
CIVIL CASE NO. 14-C-00048

NOTICE OF JUDGMENT LIEN ON REAL ESTATE

JUDGMENT DEBTOR:                    JUDGMENT CREDITOR:
OLA K NELSON                       CAPITAL ONE BANK (USA), NA

Total judgment amount as of January 02, 2015  :   $2871.73
Principal amount:                                 $2550.80
Accrued interest:                                  $174.43
Interest rate:                                     12.000%
Costs:                                             $146.50
Attorney fees:                                       $0.00

The filing of this Notice in the County clerk's office below
acts as a lien upon all real estate in that County, in which the
Judgment Debtor has any ownership interest.

TO THE CLERK OF THE COUNTY STATED BELOW:

Pursuant to KRS 426.720, you shall immediately enter this
Notice of Judgment Lien in the lis pendens records of your office,
to act as a lien upon all real estate in your County in which the
above JUDGMENT DEBTOR has any ownership interest.  You shall note
your entry upon the original of this Notice, and return a copy
thereof to the attorney for Judgment Creditor whose name and address
are below.

TO: MARSHALL County Clerk

NOTICE TO JUDGMENT DEBTOR, YOU MAY
BE ENTITLED TO AN EXEMPTION UNDER
KRS 427.060 REPRINTED BELOW.  IF YOU
BELIEVE YOU ARE ENTITLED TO ASSERT
AN EXEMPTION, SEEK LEGAL ADVICE.

STATE OF KENTUCKY, COUNTY OF MARSHALL
I, Tim York, Clerk of the County Court for the County and State
aforesaid, certify that the foregoing _Lien_ was on the
16 day of _Jan_, 2015 at 3 o'clock P M, lodged for
record, whereupon the same, the foregoing and this certificate have
duly recorded in my said office in _Enc_ Book 72 Page 414
Given under my hand this 20 day of _Jan_ 2015.
Tim York, CLERK
BY _Kelly Mears_ D.C.

EXHIBIT "E"

KRS 427.060:      "In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand ($5,000.00) Dollars in value, in real or personal property that such debtor or a dependant of such debtor uses as a permanent residence in this State, or in a burial plot for such debtor or a dependant at such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon."

This Instrument was prepared and submitted by:

WELTMAN, WEINBERG & REIS CO., L.P.A.

James T. Hart,92054
525 Vine Street, Suite 800
Cincinnati, Ohio  45202
(513) 723-2200

30206594 C A Cin FS3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Judgment Lien has been mailed by regular U. S. Mail, postage pre-paid to:

OLA K NELSON
1007 OAK GROVE CIR
BENTON, KY 42025

on this ___ day of __January__ , 2015 .

James T. Hart,92054
Attorney for Plaintiff
525 Vine Street, Suite 800
Cincinnati, OH  45202
(513)-723-2200
FAX: 513-723-2239
CINATTY@WELTMAN.COM

This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose.

✒️JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

ROBERT A. NELSON, ET AL.

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   MARSHALL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II.  BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☑ 1  U.S. Government
    Plaintiff

☐ 3  Federal Question
    (U.S. Government Not a Party)

☐ 2  U.S. Government
    Defendant

☐ 4  Diversity
    (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|                              | PTF | DEF |                                                        | PTF | DEF |
|------------------------------|-----|-----|--------------------------------------------------------|-----|-----|
| Citizen of This State        | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State     | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                  | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☑ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☑ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN     (Place an "X" in One Box Only)

☑ 1  Original
    Proceeding

☐ 2  Removed from
    State Court

☐ 3  Remanded from
    Appellate Court

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    another district
    (specify)

☐ 6  Multidistrict
    Litigation

☐ 7  Appeal to District
    Judge from
    Magistrate
    Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. SECTION 1345
Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

**DEMAND $**
$20,654.66

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☑ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE

3/13/2019

SIGNATURE OF ATTORNEY OF RECORD

s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# United States District Court

**WESTERN**                **DISTRICT OF**          **KENTUCKY**
**AT PADUCAH**

United States of America                    **SUMMONS IN A CIVIL CASE**

                                            CASE NUMBER:

        **v.**

Robert A. Nelson, et al.


**TO:**     (Name & Address of Defendant)

        ROBERT A. NELSON, as Administrator
        and heir of OLA KAY NELSON
        2154 Shadow Creek Boulevard
        Columbus, Indiana 47201-1473


        **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)


            William F. Campbell
            Assistant U.S. Attorney
            United States Attorney's Office
            717 West Broadway
            Louisville, KY  40202


an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.


_____                    _____
**CLERK**                                             DATE


_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____          _____
                              Date                                                                Signature of Server

_____

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

_____WESTERN_____          DISTRICT OF _____KENTUCKY_____
AT PADUCAH

United States of America                    **SUMMONS IN A CIVIL CASE**

                                            CASE NUMBER:

          **v.**

Robert A. Nelson, et al.


**TO:**     (Name & Address of Defendant)

          CAPITAL ONE BANK (USA), NA
          SERVE:  James T. Hart
          Counsel for Judgment Creditor
          525 Vine Street, Suite 800
          Cincinnatti, Ohio  45202


        **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

          William F. Campbell
          Assistant U.S. Attorney
          United States Attorney's Office
          717 West Broadway
          Louisville, KY  40202


an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


_____                    _____
**CLERK**                                                   DATE


_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____    _____
                  Date                            Signature of Server

---

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**